UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES M. SHARP,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-327-JD-MGG

DAVID LIEBEL,

    Defendant.

OPINION AND ORDER

James M. Sharp, a prisoner without a lawyer, filed a complaint against David Liebel, the Director of Religious Services for the Indiana Department of Correction (IDOC). A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On March 14, 2020, Sharp filed a request with IDOC for a Kosher Diet. Director Liebel denied the request, noting that Sharp had ordered non-Kosher foods off of commissary. Sharp points out that he did so because he is Muslim, and the reason he requested a Kosher diet was because IDOC does not offer halal diets. Sharp alleges that the refusal of Director Liebel to provide him with a halal diet—or to provide him with a viable substitute in the form of a Kosher diet—violates his sincerely held religious

beliefs. He has sued Director Liebel in his individual and official capacity for monetary damages and injunctive relief.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Although money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Here, Sharp alleges that he asked for a Kosher diet in order to accommodate his Muslim religious beliefs but was denied by Director Liebel.[1] Although the complaint is sparse on details as to why the request was denied and what specific beliefs Sharp holds in relation to his diet, giving him the benefit of the inferences to which he is entitled at this stage, he has stated a claim against Director Liebel in is individual

---

[1] Of note, Sharp does not allege that he ever specifically asked Director Liebel for a halal diet.

capacity under the First Amendment for monetary damages. *See Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016) ("We have repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden.") (collecting cases).

Sharp also requests injunctive relief. He asks the court to order Director Liebel to provide him with a halal or Kosher diet, and he wants IDOC to provide halal diets to inmates generally. To the extent Sharp is seeking relief on behalf of other inmates through his request for halal diets within the prison system generally, he may not do so. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants"). As to his request that he, personally, be provided with a halal or Kosher diet, the Seventh Circuit has indeed recognized the similarities between the two. *See Jones v. Carter*, 915 F.3d 1147, 1148 (7th Cir. 2019) ("Since there is overlap in halal and Jewish kosher requirements, some Muslims—including [the plaintiff]—find kosher food to be an acceptable alternative to a purely halal diet."). Sharp's complaint makes it clear that he feels a Kosher diet is an adequate substitute for a halal diet but that he has been provided with neither. Accordingly, he will be allowed to proceed on an injunctive relief claim against Director Liebel in his official capacity pursuant to RLUIPA. That said, he is not entitled to dictate specifically how that relief is implemented. *See Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012) (The PLRA mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal

3

right.") (internal quotation marks, brackets, and citations omitted)). Therefore, injunctive relief—if granted—would be limited to requiring correctional officials to provide him with a diet that accommodates his Muslim religious beliefs to the extent required by RLUIPA.

As a final matter, Sharp has filed two miscellaneous motions. In the first (ECF 5), he asks the court to screen his complaint. That request is unnecessary and will be denied as moot. In the second (ECF 6), he asks that this case be "placed with the same judge" as his previously filed case "in order to minimize confusion and so that plaintiff can work with the same judge instead of 2 separate judges." ECF 6 at 1. The court will construe this request as a motion to consolidate. The Federal Rules of Civil Procedure permit the court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Here, his previously filed case, *Sharp v. M. Brabbs, et al.* 3:20-CV-301-DRL-MGG, involves several prison officials who allegedly failed to protect him from an attack. None of the defendants named or issues raised in that case overlap with this case. Accordingly, the motion will be denied. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For these reasons, the court:

(1) DENIES the motion for court's response as moot (ECF 5);

(2) DENIES the motion for change of judge (ECF 6);

(3) GRANTS James M. Sharp leave to proceed against David Liebel in his individual capacity for compensatory and punitive damages for preventing him from

4

practicing his Muslim religion by denying him a Kosher diet in violation of his First Amendment rights;

(4) GRANTS James M. Sharp leave to proceed against David Liebel in his official capacity for injunctive relief to provide him with a diet that accommodates his Muslim religious beliefs to the extent required by the RLUIPA;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) David Liebel at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of David Liebel if he does not waive service and if they have such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), David Liebel to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which James M. Sharp has been granted leave to proceed in this screening order.

SO ORDERED on July 17, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT