UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. SHARP,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID LIEBEL,<br><br>  Defendant. | CAUSE NO.: 3:20-CV-327-JD-MGG |

OPINION AND ORDER

James M. Sharp, a prisoner without a lawyer, files a motion for reconsideration (ECF 81) from the court's order denying both parties' summary judgment motions (ECF 78).[1] Sharp and Director Liebel previously filed competing motions for summary judgment on Sharp's claims that Director Liebel violated his constitutional and statutory rights by denying his March 2020 request for a kosher diet consistent with his Islamic faith. ECF 37, 60. The court denied both summary judgment motions, concluding the sincerity of Sharp's religious beliefs was a disputed material fact "on which summary judgment in either party's favor would not be appropriate." ECF 78 at 18. In reaching this conclusion, the court considered evidence provided by Director Liebel that Sharp's commissary purchase history between April 3, 2019 (the day Sharp changed his religious preference from General Christian to Muslim) and November 29,

---

[1] Based on the timing of Sharp's motion for reconsideration, it is unclear whether it should be construed as a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Specifically, Sharp's motion for reconsideration is not dated and was mailed by prison officials two days after Rule 59(e)'s 28-day time limit. Out of an abundance of caution, the court will consider Sharp's motion for reconsideration under both standards.

2020 (eight months after Sharp filed this lawsuit) showed consistent ordering of non-Kosher and non-Halal food items. *Id.* at 11-19.

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). Similarly, a case can be reopened under Rule 60(b)(2) where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

In his motion for reconsideration, Sharp argues the sincerity of his religious beliefs no longer is a disputed fact because, after the court entered its order denying summary judgment, Director Liebel approved Sharp's request for a kosher diet. ECF 81. Sharp provides a copy of an email from Director Liebel dated September 18, 2021, informing Sharp his request for a kosher diet has been approved and he will begin receiving kosher meals within two weeks. ECF 81-1. However, the fact that Director Liebel approved Sharp's request for a kosher diet in September 2021 does not resolve the disputed material fact whether Sharp's religious beliefs were sincerely held when he first requested a kosher diet in March 2020. Thus, Sharp has provided no argument or evidence that warrants reconsideration of this court's order denying his summary judgment motion. No relief is warranted under either Rule 59(e) or Rule 60(b).

For these reasons, the court DENIES Sharp's motion for reconsideration (ECF 81).

2

SO ORDERED on October 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT